MANGER BROS. v. MILTON SHIPMAN.

[FILED SEPTEMBER 18, 1890.]

Review. *Held,* That there is sufficient testimony to sustain the verdict.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

J. L. Caldwell (*J. R. Webster* and *E. P. Holmes* with him), for plaintiffs in error, cited: *Jennings v. Simpson,* 12 Neb., 564; *Cooper v. Marshall,* 1 Burr. [Eng.], 259; Bacon's Abr., " Game"; *Bowlston v. Hardy,* 5 Cro. Eliz.,

547; 1 Chitty, Pleading, 94; *Hardy v. Keene,* 52 N. H., 378; *Baker v. Kinsey,* 38 Cal., 634; *Dickson v. McCoy,* 39 N. Y., 400; *Hewes v. McNamara,* 106 Mass., 281; *Bennett v. Ford,* 47 Ind., 264; *Tupper v. Clark,* 43 Vt., 200; Cooley, Torts, 349; *Park v. Obrion,* 23 Conn., 339.

*W. Henry Smith, contra,* cited: *McKone v. Wood,* 5 C. & P. [Eng.], 1; 1 Hale P. C., 430; *May v. Burdett,* 16 L. J. N. S. [Eng.], 64; Pollock, Torts, 317, 406; *Wilkinson v. Parrott,* 32 Cal., 102, 103; *Cummings v. Riley,* 52 N. H., 369; *Cook v. Pickrel,* 20 Neb., 433; *Frammell v. Little,* 16 Ind., 251; Cooley, Torts, 410–12.

MAXWELL, J.

This action was brought in the district court of Lancaster county to recover damages caused by the bite of a wolf, which the defendant in error alleges was harbored and retained by the plaintiffs in error. He alleges in the petition that "the above named plaintiff, Milton Shipman, who sues in this action by his next friend, John Shipman, and states to the court: That this action is begun for the sole benefit of the above named plaintiff, Milton Shipman; that the defendants Manger Bros. are partners doing business in the city of Lincoln, Lancaster county, Nebraska; that the defendants August Manger, Wm. Manger, and P. Manger, whose first full name is unknown, are the members and the only members of said partnership of Manger Bros.; that on the 4th day of March, 1888, and for a long time prior thereto, the said defendants were the owners of and in charge of, and were wrongfully, willfully, and injuriously keeping and harboring a vicious, wild animal, to-wit: A wild wolf in the city of Lincoln, Lancaster county, Nebraska; and that on the said 4th day of March, 1888, in the city of Lincoln aforesaid, the said defendants did so wrongfully and injuriously and negligently keep said wild and vicious wolf, knowing the nature of

said wild and vicious animal; that the said wolf was running at large on the streets in the city of Lincoln aforesaid; that on the said 4th day of March, 1888, while this plaintiff was walking on the streets of the city of Lincoln aforesaid, the said wolf did, while so running at large as aforesaid, attack this plaintiff with his teeth and claws, and did there and then bite, claw, wound, and lacerate this plaintiff on or about the legs and arms, and did greatly injure this plaintiff on or about the body as aforesaid, because of which this plaintiff became sick, sore, and lame, and so remained and continued for a long period of time, to-wit, for the space of six weeks, during which time he, the said plaintiff, suffered great bodily pain and suffering and anguish of mind and mental suffering, and that during all of the time from said injury up to the beginning of this suit, this plaintiff, because of such injury and laceration as aforesaid, has and still is suffering great anguish of mind and mental pain; that this plaintiff has sustained damages by reason of the aforesaid biting, wounding, and lacerating and the bodily pain and suffering and the mental anguish caused thereby, in the sum of $3,000, no part of which has been paid."

Service was had upon the plaintiff in error, who appeared and answered by a general denial. On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $560, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The principal error relied upon in this court is that the verdict is not sustained by sufficient evidence.

The testimony shows that there are five of the Manger Bros., and that Austin and Philip were in business in Lincoln during the years 1887 and 1888. There is a claim that Philip was not a partner during the winter and spring of 1888. The testimony upon this point is very unsatisfactory, and in view of the circumstances a jury would be

Manger v. Shipman.

warranted in disregarding it.    During the year 1887 a
young brother of the Mangers obtained a pet wolf or coyote.
This he kept for some months, when he removed to Indi-
ana, and being unable to take the wolf with him left it in
the care of his brothers, and it was tied in the back yard
adjoining their place of business in Lincoln.    In a few in-
stances it seems to have been tied in front of their place of
business, and was known to have bitten at least one person
before the plaintiff, and seems to have been regarded as
dangerous.    The plaintiffs in error were notified by the city
marshal that the animal was dangerous and that they must
kill it.    They disclaimed ownership and made no effort
apparently to have the animal destroyed.    August Manger
testifies that he gave the animal to one Beha, an employe,
and that he knew nothing of it thereafter.    The testimony,
however, shows that the animal was kept on the grounds
back of their place of business and fed with scraps from
the butcher shop.    There was in fact, therefore, no change
in the persons who cared for the wolf.    It is true the
Mangers testify that they had no knowledge that the wolf
was kept in the back yard, but the question of their credi-
bility was one for the jury, and the jury seem to have
regarded that testimony as unreliable.

    That the injuries inflicted on the defendant in error were
of a very serious character is shown by all the testimony,
and that these were inflicted by the wolf in question, and it
is clearly shown that this wolf was kept on the premises of
the Manger Bros. and fed with meat from the shop.    These
were circumstances which it was the duty of the jury to
weigh with the testimony of the Manger Bros., as showing
what was actually done by them in the premises, either
personally or by their employes.    The damages are not
excessive and there is sufficient testimony to sustain the
verdict.    The judgment is

AFFIRMED.

THE other judges concur.